UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:25-cr-00025-CCB-SJF |
| | ) |
| CHAD EUGENE METZGER, | ) |
| | ) |
| Defendant. | ) |

### SENTENCING MEMORANDUM

Defendant Chad Eugene Metzger, by and through his counsel, Jonathan A. Bont, respectfully submits this sentencing memorandum in support of his request for a sentence variance downward from the Guidelines range to the parties agreed upon sentence of probation. PSR, p. 5 ¶ 7. In the PSR, Mr. Metzger's Guideline range is from 18 to 24 months incarceration. PSR, p. 16 ¶ 74. The reasons that follow support a downward variance consistent with the parties' agreement in this case.

**I.    THE DEFENDANT'S HISTORY AND CHARACTERISTICS (§ 3553(a)(1))**

Mr. Metzger was born in and raised in Indiana by his parents Aleeta and Dale Metzger, who are still married. Both of his parents live in an apartment on Mr. Metzger's property. He has one brother Aaron who resides in Elkhart, Indiana. PSR, p. 11-12 ¶ 49. As a child Mr. Metzger was diagnosed with depression and attention deficit hyperactivity disorder (ADHD). He received counseling for both and was prescribed Ritalin and Cylert that he took for his entire childhood. PSR, p. 12 ¶ 51. Mr. Metzger graduated from the University of Northwestern Ohio in Lima, Ohio with an associate's degree in diesel technology. PSR, p. 15 ¶ 65. Mr. Metzger has been

self-employed as a diesel mechanic for the last seventeen years. He also started as a franchisee Matco Tools in 2018 where he drives a tool delivery truck around town and sells various tools to mechanics shops. PSR, ¶ 66. Mr. Metzger has been dating Ericka Stangland for the last year and a half. In her letter Ms. Stangland describes Mr. Metzger's relationship with his parents and how much they rely on him.

> He is the youngest brother of two, and aside from running his own business, he also solely looks after his parents. They live with him on his property and he does his best to ensure that they have everything they need. Anything from doctors' appointments to groceries and assisting them financially. Recently his dad was diagnosed with Alzheimer's, so him being willing to step in and take care of his parents like he does says a lot about his integrity and character.
>
> [Exhibit A, pg. 1]
>
> Not only does Mr. Metzger take care of his family he is also there to support his friends.

Tyanna Custer's letter she describes how Mr. Metzger was there for her in times of need.

> Personally, Chad has supported me and others in our group during hard times, including helping me financially when we were struggling. That kind of generosity and character is not something I take lightly.
>
> [Exhibit A, pg. 6]

Mr. Metzger is an otherwise exemplary individual with a history of law-abiding behavior. Indeed, he has no criminal history of any sort. PSR, p. 11 ¶¶ 41-42, 45-47. We respectfully request that the Court rely heavily on his history and characteristics in varying downward from the Sentencing Guidelines range to a sentence of probation for Mr. Metzger.

## II. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE (§ 3553(a)(1))

The PSR describes the offense in detail and Mr. Metzger generally has nothing to add to this description. Mr. Metzger is pleading guilty to making false statements on ATF Form 4473. Specifically, Mr. Metzger indicated on the ATF Form 4473 for the purchase of multiple firearms that he was not an unlawful user of marijuana, when in fact he was. PSR, p. 7 ¶ 17. Mr. Metzger

2

has used marijuana regularly in the past to treat his anxiety instead of taking prescription medications. PSR, p. 6 ¶ 14. The PSR notes that there are no victims of Mr. Metzger's offense. PSR, p. 8 ¶ 23.

The Guidelines do not account for every case-related mitigator here. It is noteworthy that Mr. Metzger has been completely cooperative with the United States' investigation of this offense. PSR, p. 7 ¶ 15. Although the Guidelines account for a defendant's decision to timely plead guilty, they do not account for a defendant's consent to searches of his property and willingness to truthfully answer questions from law enforcement during the investigation. Further, although the Guidelines account for a defendant's timely decision to plead guilty, the Guidelines do not account for a defendant such as Mr. Metzger's decision to waive his right to appeal his sentence. PSR, p. 3 ¶ 3. Mr. Metzger has been extraordinarily cooperative with the Government during its investigation and prosecution of his offense. The Court can rely on this fact as well in varying downward from the Guidelines to a sentence of probation.

### III.  THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES (§ 3553(a)(6))

Mr. Metzger and counsel are unaware of a specific sentence for an offense of this nature in the Northern District of Indiana. No such sentence has been described in the PSR for Mr. Metzger. Counsel assumes that in agreeing to recommend a sentence of probation for Mr. Metzger, the United States Attorney does not believe such a sentence would be disparate from other sentences for similar offenders in this District. As noted, Mr. Metzger does not have any criminal history. As such, we would respectfully suggest that this factor should not be relied upon in the Court's analysis of a sufficient, but not greater than necessary sentence for Mr. Metzger.

### IV.  GENERAL AND SPECIFIC DETERRENCE ((§ 3553(a)(2))

3

Mr. Metzger is a 43-year-old man with a good education and work history and no criminal history. Therefore, his likelihood of recidivism is low. We respectfully request that the Court rely heavily on this fact in varying downward from the Guidelines to a sentence of probation. This case has not generated media attention, nor should it. Therefore, we respectfully suggest that general deterrence should not weigh in the Court's analysis of a sufficient but not greater than necessary sentence for Mr. Metzger.

## V.    EDUCATIONAL OR VOCATIONAL TRAINING & MEDICAL CARE ((3553(a)(2))

Mr. Metzger is an educated man, having received an associate's degree from the University of Northwestern Ohio. PSR, p. 15 ¶ 65. Counsel, respectfully, suggests that the BOP is not in position to better educate Mr. Metzger, who is 43-years-old, and that this factor should not be weighed in favor of a longer custodial sentence. Relatedly, Mr. Metzger has been steadily employed, as noted in multiple places in his PSR. See, e.g., PSR, p. 14 ¶¶ 66-67. Therefore, the Court does not need to rely on the BOP to provide Mr. Metzger with vocational training. Mr. Metzger's is physically described as healthy; however he does have an ongoing issue with his neck that has been treated with a chiropractor. PSR, p. 12 ¶ 57. Mr. Metzger was diagnosed with anxiety and depression as an adult and is currently prescribed the following medications: Lamotrigine, desvenlafaxine and Vraylar. PSR, p. 16 ¶ 58. There is no indication that the Bureau of Prisons would be in a better position to treat Mr. Metzger's physical and mental health issues than he otherwise would be on his own. A condition of probation that requires drug treatment for a period of time would better respond to this factor than a sentence of incarceration.

## VI.    RESTITUTION ((3553(a)(7))

There is no financial victim of this case, so this factor should not apply to Mr. Metzger's

4

sentence. Further, the PSR notes his indigency and that he does not have the ability to pay a fine. PSR, p. 14 ¶ 71.

## VII. CONCLUSION

For the foregoing reasons and those detailed on the record at Mr. Metzger's upcoming sentencing hearing, we respectfully request that the Court vary downward from the PSR's calculated Guidelines range of 18 to 24 months to arrive at a sentence of probation for Mr. Metzger, which is consistent with the parties' agreement in this case.

Respectfully submitted,

FROST BROWN TODD, LLP

By: */s/ Jonathan A. Bont*
Jonathan A. Bont, # 28476-49
Frost Brown Todd LLP
111 Monument Circle, Suite 4500
Indianapolis, IN  46204
Phone: 317-237-3800
Fax: 317-237-3900
Email: jbont@fbtlaw.com

*Attorney for Defendant Chad Eugene Metzger*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed on August 6, 2025, through the Court's CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jonathan A. Bont*
Jonathan A. Bont (28476-49)