UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:25-CR-25-CCB |
| | ) | |
| CHAD EUGENE METZGER | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, M. Scott Proctor, Acting United States Attorney for the Northern District of Indiana, through Lydia T. Lucius, Assistant United States Attorney, to submit the following memorandum in preparation for the sentencing hearing in this case.

**I.    The nature and circumstances of the offense.**

Chad Metzger has been an unlawful user of marijuana for the past several years. Between May 2021 and July 2024, he purchased several firearms from various licensed firearms in dealers. In twenty-one separate transactions during that time frame, Metzger completed the ATF Form 4473 and represented that he was not an unlawful user of marijuana. This statement was false and resulted in Metzger acquiring several firearms.

Metzger's offense level is 15, and he has no criminal history points. His guideline range is 18 to 24 months.

II. **The defendant's history and characteristics.**

Metzger arrives at sentencing with no prior criminal history. He is a college educated diesel mechanic who reports having a "normal" childhood. Since 2018, he has operated a self-owned tool business where he sells and delivers tools to various shops and individuals. He has been described as a supportive friend, helpful and attendant to his parents, and has cooperated throughout the course of this investigation.

III. **The seriousness of the offense, just punishment, deterrence, and respect for the law.**

In this case, the 3553(a) factors support a sentence of probation. To be clear, the nature and circumstances of this offense are serious. Making false representations to licensed firearms dealers is a grave concern and even more troubling when done repeatedly. These recurrent misstatements also served as the conduit for the wrongful possession of firearms. These mishaps warrant the federal convictions at issue here.

Notwithstanding the criminality at issue in this case, there are several mitigating factors on this record that are not to be ignored. Many defendants with slim criminal histories find themselves in criminal history category I. Metzger's history of wrongs could not be shorter: he has no juvenile adjudications, no adult criminal convictions, no other criminal conduct, no pending charges, and no other arrests. *See* 18 U.S.C. § 3553(a)(1). His plea to

21 felony counts, though, now mars his formerly clear record. His acceptance of responsibility also serves as a great deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). Now that he is adjudicated a felon, he has relinquished his right to purchase or otherwise possess firearms. While licensed firearms dealers in the area may perhaps be somber in losing Metzger as a customer, Metzger's convictions likewise eradicate several privileges—a loss sure to promote respect for the law and provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). As the Supreme Court recognized in *Gall v. United States*, while "custodial sentences are qualitatively more severe than probationary sentences of equivalent terms [,] [o]ffenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty." 552 U.S. 38, 48 (2007) (citing *United States v. Knights*, 534 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987); internal quotation marks omitted)).

Additionally, a noncustodial sentence will afford Metzger the opportunity to receive treatment in an effective manner. *See* 18 U.S.C. § 3553(a)(2)(D). From the record, it appears that Metzger would perhaps benefit from participating in a drug treatment program. Indeed, the misrepresentations at issue in this case concerned marijuana use, and other

people have corroborated his habitual use of the drug. While his screening on the TCUDS V was low, it is nevertheless a self-reporting tool and may reflect an attempt to minimize, or simply unrecognize, the severity of his drug use. Whether Metzger cares to admit it or not, he would benefit from some assistance. Mr. Metzger also serves as the primary caregiver of his parents, and a sentence of probation allows him to maintain that care.

### IV. The government's sentencing recommendation.

The government recommends an 18-month term of probation, which is sufficient but not greater than necessary, to satisfy federal sentencing goals.

Respectfully submitted,

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY

By:     *s/ Lydia T. Lucius*
LYDIA T. LUCIUS
Assistant United States Attorney
M01 Robert A. Grant Federal Bldg.
204 S. Main Street
South Bend, Indiana 46601
Tel:   (574) 236-8287
Fax:  (574) 236-8155
E-mail:  Lydia.Lucius@usdoj.gov